ANNIE E. CHEW

*v.*

JOHN H. CHEW.

[Submitted April 15th, 1908. Decided April 16th, 1908.]

1. Where complainant showed that defendant, restrained by the writ of *ne exeat*, had expressed an intention of leaving the jurisdiction, and disclosed such home conditions as would naturally impel defendant to go away, a motion to discharge the writ would be overruled, though defendant denied that he had ever had or expressed a purpose to leave the state.

2. Where the restraint of the writ of *ne exeat* interferes with the freedom of defendant's movements in meeting pressing business engagements out of the state, the court will entertain a motion for the substitution of a bond to answer the decree.

---

On motion to discharge writ of *ne exeat*.

*Messrs. Carrow & Kraft,* for the motion.

*Mr. Lewis Starr,* opposed.

LEAMING, V. C.

From the affidavits before me I am convinced that the writ of *ne exeat* should be retained. It is probably impossible for a complainant, in any case, to establish with entire certainty a positive intention upon the part of a defendant to permanently leave this state. But when a defendant has given expression of an intention to leave the jurisdiction, and the evidence discloses not only an absence on his part of such home ties as would render the course improbable, but also discloses such distasteful and distressing home conditions as would naturally impel him to go away, it seems clear that the writ should continue to serve its purpose. In view of the very positive and forceful denials by defendant that he ever had or expressed a purpose to leave this state, I should hesitate to accept the contrary view were it not for the affidavit of Smith C. More. His affidavit, to my mind, clearly establishes for complainant the preponderance of evidence touching this disputed fact. As to the unattractiveness of remaining and the probable relief to be found in the going there can be little doubt. Giving full consideration to all the evidence, I am satisfied that the case presented is one in which the writ should be sustained.

Should the restraint of the writ be found to interfere with the freedom of defendant's movements in meeting pressing business engagements out of this state, I will entertain a motion for the substitution of a bond to answer the decree.